UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL TESLEY,

        Plaintiff,

v.                                                   Case No. 17-11249
                                                   Honorable Denise Page Hood

D. MARTIN and COOK,

        Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DISMISSING ACTION

*Pro se* Plaintiff Nathaniel Tesley filed this action pursuant to 42 U.S.C. § 1983 against Defendants Dave Martin and A. Cook . Plaintiff has alleged that Defendants violated his First, Fifth, Eighth and Fourteenth Amendment rights. On July 19, 2017, Defendants filed a Motion to Dismiss and/or for Summary Judgment (the "Motion"). [#12] Plaintiff filed a response on August 15, 2017, wherein he withdrew the claims he had asserted against Cook (including the only Eighth Amendment claim). Plaintiff later sought leave to amend his complaint [#16], but the Magistrate Judge denied that request. [#21]

This matter comes before the Court on Magistrate David R. Grand's Report and Recommendation. [#20] The Magistrate Judge recommends that the Court grant the Defendants' Motion because Plaintiff: (1) failed to exhaust his administrative

remedies with respect to the confiscation of his typewriter; (2) failed to allege that he suffered a cognizable adverse action that would support his First Amendment claim against Martin; (3) has no Fifth Amendment claim because Defendants are employed by the State of Michigan, not federal employees; and (4) did not plead any misconduct that would implicate his due process rights.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff filed two objections with respect to the Report and Recommendation, each of which the Court now addresses.

Plaintiff first argues that the Magistrate Judge erred by analyzing Plaintiff's claims under the Rule 12(b)(6) "failure to state a claim" standard rather than the Rule 56 "genuine dispute of material fact" standard. The Court finds that the Magistrate Judge applied the proper standard when analyzing Defendants' motion. The motion was filed before discovery had commenced, and there was little in the record other than Plaintiff's allegations. For that reason, it was not possible for the Magistrate Judge to determine if there was any genuine dispute of material fact. The Court also finds that the standard utilized by the Magistrate Judge, in addition to being proper, benefitted Plaintiff because it meant Plaintiff: (a) only had to allege that Defendants violated his rights; and (b) did not have the burden to show that there were facts to

support his claims. The Court denies Plaintiff's first objection.

Plaintiff's second objection is that the Magistrate Judge erred in concluding that Plaintiff did not sufficiently allege that he suffered an adverse action. Plaintiff contends that the question of whether an action is sufficiently adverse is generally a question of fact for the jury. Citing *King v. Williams*, 2013 WL 4718335, at *3 (E.D. Mich. Sept. 3, 2013); *Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002). Although Plaintiff accurately cites *King* and *Bell*, the applicable law cited by the Magistrate Judge establishes that the alleged actions to which Plaintiff was subjected by Defendant are not sufficient, as a matter of law, to be considered adverse. Specifically, prisoners do not have a constitutional right to prison employment and are not subjected to adverse actions when they continue to have access to the courts, even if they lost a prison job and suffered a short term loss of privileges such as being given four days in toplock. *See, e.g., Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005); *Walton v. Gray*, 695 F. App'x 144, 145-46 (6th Cir. 2017); *Dykes v. McRoberts*, 2015 WL 9948793, at *6 (E.D. Mich. Nov. 5, 2015). The Court denies Plaintiff's second objection.

Finding no error in the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 20, filed November 15, 2017] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's objections [Docket No. 23, filed January 2, 2018] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss and/or for Summary Judgment [Docket No. 12, filed July 19, 2017] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

IT IS ORDERED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: January 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager