# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL TESLEY,

        Plaintiff,

v.

        Case No. 17-11249
        Honorable Denise Page Hood

DAVE MARTIN,

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 56]

On April 19, 2017, *pro se* Plaintiff Nathaniel Tesley ("Tesley") filed this 42 U.S.C. § 1983 complaint. Tesley alleges Defendant Dave Martin ("Martin") violated Tesley's First Amendment rights when retaliating against Tesley. [ECF No. 1] This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation dated June 9, 2020 (the "R&R"). [ECF No. 63] The Magistrate Judge recommends that the Court grant in part and deny in part the Motion for Summary Judgment. [ECF No. 63, PageID 567]. Tesley timely filed objections to the R&R.

The Court has had an opportunity to review this matter and finds that the

Magistrate Judge reached the correct conclusions for the proper reasons. The Court also has reviewed Tesley's objections and finds that both objections concern nothing more than additional details the Magistrate Judge left out of the R&R. These details have no bearing on the merits of granting or denying summary judgment, but the first objection identifies an inaccuracy within the R&R. The objections are as follows:

1. "Plaintiff objects to the fact that in the R&R, as it relates to an appeal of the underlying out of place misconduct written by Corrections Officer Cook, Your Honor Judge Grand concludes: 'Tesley did not appeal the guilty finding…'" [ECF No. 64, PageID 579]. Tesley states that he did appeal the misconduct results through all steps of the MDOC process, *id.* at PageID 579-580, and requests that this fact be "officially made part of the record and appropriately included, in relevant part, to the R&R." *Id.* at PageID 580 (citing ECF No. 58, PageID 521 and Ex. A; ECF No. 61, PageID 543).

The Court agrees that this fact is misstated in the Magistrate Judge's R&R – but finds that this mistake is understandable because, as Plaintiff acknowledges, *see* ECF No. 64, PageID 580, Plaintiff testified at his deposition that he did not appeal the guilty finding. *See* ECF No. 56-4, PageID 508.  The Court further finds that this mistake, however, has no impact on the substantive analysis the Magistrate Judge

2

employed or the Magistrate Judge's conclusions. As Tesley is not objecting to a substantive finding within the R&R, the Court shall simply clarify that error in this Order.

2. "Plaintiff next objects to Your Honor Judge Grand's failure to include the requested Video Footage and ARF Administrative Hearing Log evidence into the R&R." *Id.* at PageID 580. Tesley argues that those logs are "relevant and material to the causal element of Plaintiff's retaliation claim…" *Id.* The Court notes that the Magistrate Judge addressed this issue. The R&R states "whether Tesley is right or wrong about the so-called 'sign in/out log' the Court does not know. What is known, however, is that despite the centrality of this particular issue to Tesley's claim. Martin has apparently failed to produce this critical document or explain why he is unable to do so." [ECF No. 63, PageID 574-575].

Based on those statements, the Court finds that the Magistrate Judge identified Martin's and Tesley's conflicting claims and acknowledged that some key evidence to support Martin's story is missing. The Magistrate Judge then correctly: (a) concluded that there is a genuine dispute of material fact with respect to the causal connection for Tesley's retaliation claim; and (b) denied Martin's Motion for Summary Judgment on the retaliation claim. [ECF No. 63. PageID 574.] Accordingly, the Court holds that the requested footage and log as evidence has been

3

appropriately addressed by the R&R.

For the reasons stated, the Court determines that Tesley's objections to the R&R have no bearing on the well-founded conclusions set forth in the R&R. The Court notes the one error identified by Tesley in his first objection, and the error is corrected below. The Court otherwise adopts the Report and Recommendation in its entirety. Accordingly, for the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[Doc. No. 63, filed June 9, 2020]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law, except for the very limited correction set forth below.

**IT IS FURTHER ORDERED** that Tesley's Objections **[Doc. No. 64, filed June 25, 2020]** do not constitute a basis for altering the conclusions set forth in the R&R.

**IT IS FURTHER ORDERED** that Martin's Motion for Summary Judgment **[Doc. No. 56, filed November 19, 2019]** is **GRANTED IN PART, but only** as to Tesley's official capacity claim, and **DENIED IN ALL OTHER**

**RESPECTS** and the sole remaining claim before the Court is Tesley's First Amendment retaliation claim against Martin.

**IT IS FURTHER ORDERED** that, in ECF No. 63, PageID 569, the language at the top of the page that "Tesley did not appeal the guilty finding and served his top lock sanction from September 24-28, 2016. (Id.; ECF No. 56-4, PageID.508)" should be, and hereby is, **AMENDED AND REPLACED** by the following language: "Tesley appealed the guilty finding regarding his out of place misconduct, but after the appeal was denied, served his top lock sanction from September 24-28, 2016. (*Id.*; ECF No. 58, PageID 521 and Ex. A)."

**IT IS ORDERED.**

DATED: September 29, 2020

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge