UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NATHANIEL TESLEY,

    Plaintiffs,

v

DAVE MARTIN and A. COOK,

    Defendants.

NO. 2:17-cv-11249

HON. DENISE PAGE HOOD

MAG. DAVID R. GRAND

_____

| | |
|---|---|
| Nathaniel Tesley #218984<br>*In Pro Per*<br>G. Robert Cotton Correctional Facility<br>3500 N. Elm Road<br>Jackson, MI 49201 | O.G. Reasons (P80463)<br>Assistant Attorney General<br>Michigan Dept. of Attorney General<br>Attorney for Defendant<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055 |

_____/

## JOINT FINAL PRETRIAL ORDER

Pursuant to the Court's December 16, 2021, order and Local Rule 16.2, the parties submit the following proposed joint final pretrial order.

**1. Jurisdiction**

This Court has jurisdiction over the matter according to 42 U.S.C. § 1983. Jurisdiction is not contested by any party.

**2. Plaintiff's Claims**

Plaintiff claims that Defendant, Dave Martin, did unlawfully retaliate and violate his U.S. Const. First Amendment right to file a grievance against MDOC officials by threatening to, and using, unlawful state administrative hearings to find him guilty and sanction him to loss of privileges, loss of job, and loss of property, because he would not retract grievances written on his coworkers.

Plaintiff has a U.S. Const. First Amendment right to file grievance(s) against state officials without threat or act of retaliation. *Pasley v. Conerly,* 345 Fed. App'x 981, 985 (6th Cir. 2009), *Walton v. Gray,* 695 Fed. App'x 144, 146 (6th Cir. 2017).

**3. Defendant's Claims**

Defendant David Martin contends at no time did he violate Mr. Tesley's First Amendment rights and that Plaintiff's claims are without merit. Defendant, at all times, acted in accordance with MDOC Policy and the U.S. Constitution. Defendant conducted a misconduct hearing regarding a Class II Out of Place misconduct issued to Plaintiff for failing to return to his porter position during second shift. Defendant found Plaintiff guilty of the out of place misconduct because the

evidence established that Plaintiff was not present at his work assignment during second shift without permission. Defendant sanctioned Plaintiff four days "top lock," pursuant to MDOC policy for Class II misconducts. Defendant did not take any adverse actions against Plaintiff in retaliation for him exercising his First Amendment rights.

4. **Uncontroverted Facts**: The parties have agreed that the following may be accepted as established facts:

    a. Plaintiff was a prisoner confined at the Gus Harrison Correctional Facility for all times relevant to the allegations in this complaint.

    b. Defendant was an employee of the Michigan Department of Corrections at the Gus Harrison Correctional Facility at all times relevant to the allegations in this complaint.

    c. Defendant acted under color of state law.

5. **Issues of Fact to be Litigated**:

    a. **Plaintiff's Issues of Fact**:

        i. Did the Defendant sign in for and work at ARF Facility on Saturday September 17, 2016?

 ii. Did Defendant actually reconvene the September 13, 2016, Out of Place Misconduct Hearing on Saturday, September 17, 2016?
 iii. Is it a fact that Defendant gave Plaintiff state and federal as well as MDOC Policy protected proper notice and the right to be present at the Out of Place Misconduct Hearing he says he reconvened on Saturday September 17, 2016?
 iv. Defendant didn't actually reconvene the adjourned September 13, 2016, Out of Place Misconduct Hearing on Saturday September 17, 2016, but only uses claim of such hearing as pretext to hide his retaliatory conduct in the grievance procedure?
 v. Did Defendant come to Plaintiff's assigned housing unit on Wednesday September 21, 2016, with purpose to use threat of an unfavorable outcome of the adjourned September 13, 2016, Out of Place Misconduct Hearing as leverage to force Plaintiff to retract his grievances against Cook and Michaels?
 vi. Defendant knowingly and unlawfully violated Plaintiff's federal CONST. FIRST AMD AND MDOC Policy Directive protected conduct of filing grievance(s) against Cook and Michaels?
 vii. Defendant cannot produce a MDOC Employee Attendance Sign In/Out log showing he signed in for work on Saturday, September 17, 2016.
 viii. Plaintiff had a MDOC Policy Directive due process right to be given proper notice and the right to be present at the Out of Place misconduct hearing Defendant says he reconvened on Saturday, September 17, 2016.
 ix. Defendant did not give Plaintiff proper notice nor the right to be present at the Out of Place misconduct hearing he says he reconvened on Saturday, September 17, 2016.
 x. Plaintiff was not present at the Out of Place hearing Defendant reconvened on Saturday, September 17, 2016.

    xi. Plaintiff was engaged in state and federal CONST. FIRST AMD. and MDOC Policy Directive protected conduct in filing grievances against Corrections Officer Cook and Sergeant Michaels.

    xii. That MDOC Assistant Deputy Warden, Will Chapman, interviewed Defendant concerning Plaintiff's claim that he retaliated against him in the Out of Place misconduct hearing and the grievance procedures.

  b. **Defendant's Issues of Fact:**

    i. Whether on September 21, 2017, Defendant held a meeting with Plaintiff to discuss Plaintiff's grievances against Officer Cook and Sgt. Michaels and the out-of-place misconduct.

    ii. Whether Defendant offered to find Plaintiff not guilty on the misconduct if Plaintiff agreed to dismiss the grievances against Defendant's co-workers.

    iii. Whether Defendant found Plaintiff guilty of the out-of-place misconduct in retaliation for Plaintiff refusing to dismiss his grievances against Cook and Michaels.

6. **Issues of Law to be Litigated:**

  a. **Plaintiff's Statement**

    i. **Protected Conduct:** Was Plaintiff lawfully engaged in protected conduct, and did Defendant unlawfully interfere with that conduct.

    ii. **Adverse Action:** Was Defendant's threat to, and acts of, finding Plaintiff guilty of misconduct, and sanctioning him to 4 days top lock, loss of job, and loss of property, adverse actions intended to still Plaintiff from the grievance procedure.

      iii. **Causal Connection:** Did Defendant commit the adverse action because Plaintiff was engaged in and would not disengage from the grievance procedure.
      iv. **Due Process:**
1. Does Plaintiff have a U.S. CONST. XIV AMD due process right to an impartial Hearings Officer in the state administered Misconduct Hearing; and,
2. Does the federal court have pendant jurisdiction ability to adjudicate issue of the Hearing Officer's unlawful conduct in the state administered misconduct hearing?

*Defendant objects to the inclusion of due process issues of law to be determined. Plaintiff's sole remaining claim is a First Amendment retaliation claim for Defendant finding Plaintiff guilty of an out-of-place misconduct because Plaintiff was not at his work assignment.*

    b. **Defendant's Statement**

      i. Whether Plaintiff was engaged in protected conduct.
      ii. Whether an adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in protected conduct.
      iii. Whether Plaintiff's protected conduct was the cause of any adverse action taken by Defendant.
      iv. Whether Defendant would have taken the same action against Plaintiff absent any protected conduct.
      v. What damages are available to Plaintiff.

7. **Evidence Problems likely to arise at Trial**

Plaintiff will ask the Court to exclude evidence of whether Defendant worked on September 17, 2016, because Defendant did not

produce a "sign in/out log" for September 17, 2016. Defendant provided Plaintiff with housing unit logs from September 17, 2016.

Further, Plaintiff previously requested a narrative statement describing security footage from the alleged September 21, 2016, incident. Plaintiff intends to now request a copy of the security footage. Defendant will object to any discovery requests made following the close of discovery.

Defendant does not anticipate any additional evidentiary issues, other than hearsay and other standard trial objections, which will be addressed on an as needed basis during trial.

**8. Witnesses**:

**a. Plaintiff's Witnesses:**

1.  Plaintiff Nathaniel Tesley (will call)

    G. Robert Cotton Correctional Facility
    3500 N. Elm Road
    Jackson, MI 49201

2.  Will Chapman, ADW

*Defendant objects pursuant to Fed. R. Evid. 401 as his testimony is irrelevant to the issues of alleged retaliation by Defendant.*

*Defendant further objects pursuant to Fed. R. Evid. 802 as any testimony by this witness would be based upon hearsay.*

*Additionally, Defendant objects that Plaintiff has not properly subpoenaed and paid the required witness fees to the witness under Rule 45 and therefore the witness is not required to attend.*

    **3.**    ARF Classification and Programs Dir. Harpst

*Defendant objects pursuant to Fed. R. Evid. 401 as his testimony is irrelevant to the issues of alleged retaliation.*

*Defendant further objects pursuant to Fed. R. Evid. 802 as any testimony by this witness would be based upon hearsay.*

*Additionally, Defendant objects that Plaintiff has not properly subpoenaed and paid the required witness fees to the witness under Rule 45 and therefore the witness is not required to attend.*

    **4.**    ARF Hearings Investigator, K. Edmonds

*Defendant objects pursuant to Fed. R. Evid. 401 as his testimony is irrelevant to the issues of alleged retaliation.*

*Defendant further objects that Plaintiff has not properly subpoenaed and paid the required witness fees to the witness under Rule 45 and therefore witness is not required to attend.*

    **5.**    ARF Prisoner Counselor, Edwin Wade

*Defendant objects that Plaintiff has not properly subpoenaed and paid the required witness fees to the witness under Rule 45 and therefore witness is not required to attend.*

    **6.**    All persons listed by the Defendant

    **7.**    The Defendant; and

    **8.**    Any rebuttal witnesses the Defendant brings forth

    **b. <u>Defendant's Witnesses</u>:**

1. Defendant David Martin (will call) (One hour estimated testimony)

   Michigan Department of Corrections
   Office of Legal Affairs
   206 East Michigan Ave
   Lansing, MI 48933
   (517) 373-3515

2. Sgt. Michaels (may call) (30 minutes estimated testimony)

   Michigan Department of Corrections
   Office of Legal Affairs
   206 East Michigan Ave
   Lansing, MI 48933
   (517) 373-3515

3. C/O Cook (may call) (30 minutes estimated testimony)

   Michigan Department of Corrections
   Office of Legal Affairs
   206 East Michigan Ave
   Lansing, MI 48933
   (517) 373-3515

4. C/O Howard (may call) (30 minutes estimated testimony)

   Michigan Department of Corrections
   Office of Legal Affairs
   206 East Michigan Ave
   Lansing, MI 48933
   (517) 373-3515

5. Edwin Wade (may call) (30 minutes estimated testimony)

    Michigan Department of Corrections
    Office of Legal Affairs
    206 East Michigan Ave
    Lansing, MI 48933
    (517) 373-3515

6. Michael West (may call) (30 minutes estimated testimony)

    Michigan Department of Corrections
    Office of Legal Affairs
    206 East Michigan Ave
    Lansing, MI 48933
    (517) 373-3515

7. Inspector Kindinger (may call) (30 minutes estimated testimony)

    Michigan Department of Corrections
    Office of Legal Affairs
    206 East Michigan Ave
    Lansing, MI 48933
    (517) 373-3515

8. Sgt. Duperron (may call) (30 minutes estimated testimony)

    Michigan Department of Corrections
    Office of Legal Affairs
    206 East Michigan Ave
    Lansing, MI 48933
    (517) 373-3515

9. Captain Messer (may call) (30 minutes estimated testimony)

   Michigan Department of Corrections
   Office of Legal Affairs
   206 East Michigan Ave
   Lansing, MI 48933
   (517) 373-3515

10. DW Ricumstrict (may call) (30 minutes estimated testimony)

    Michigan Department of Corrections
    Office of Legal Affairs
    206 East Michigan Ave
    Lansing, MI 48933
    (517) 373-3515

11. RUM Nichols (may call) (30 minutes estimated testimony)

    Michigan Department of Corrections
    Office of Legal Affairs
    206 East Michigan Ave
    Lansing, MI 48933
    (517) 373-3515

c. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are: No expert witnesses are expected to be called.

## 9. EXHIBITS
### a. Plaintiff's Exhibits:
1. September 7, 2016, Grievance on CO Cook

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay to the extent this exhibit is offered to prove the truth of the matter asserted.*

2. September 7, 2016, Grievance on Sgt. Michaels

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay to the extent this exhibit is offered to prove the truth of the matter asserted.*

3. September 23, 2016, Grievance on Dave Martin

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay to the extent this exhibit is offered to prove the truth of the matter asserted.*

4. December 1, 2016, Grievance on Dave Martin.

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Defendant further objects pursuant to Fed R. Evid. 802 as hearsay.*

5. Step I, II, and III appeals/response on Cook Grievance

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay to the extent this exhibit is offered to prove the truth of the matter asserted.*

6. Step I, II, and III appeals/response on Michaels Grievance

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay to the extent this exhibit is offered to prove the truth of the matter asserted.*

7. Step I, II, and III appeals/response on Martin September 23, 2016, Grievance

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay to the extent this exhibit is offered to prove the truth of the matter asserted.*

8. Step I, II, and III appeals/response on Martin December 1, 2016, Grievance

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Defendant further objects pursuant to Fed R. Evid. 802 as hearsay.*

9. Out of Place Misconduct Report

10. Out of Place Misconduct Hearing Report

11. Out of Place Misconduct Appeals.

12. Gambling Contraband Removal Report

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Plaintiff's claims regarding his typewriter were dismissed further objects pursuant to Fed R. Evid. 802 as hearsay.*

13. Gambling Contraband Hearing Report

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Plaintiff's claims regarding his typewriter were dismissed. Defendant further objects pursuant to Fed R. Evid. 802 as hearsay.*

14. Gambling Contraband Removal Appeal

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Plaintiff's claims regarding his typewriter were dismissed. Defendant further objects pursuant to Fed R. Evid. 802 as hearsay.*

15. Affidavit of Defendant Dave Martin

*Defendant objects that Defendant's testimony must be taken live in open court under Fed. R. Civ. P. 43(a). Defendant does not object to use for impeachment purposes.*

16. Affidavit of Edwin Wade

*Defendant objects pursuant to Defendant objects that Witness' testimony must be taken live in open court under Fed. R. Civ. P. 43(a). Defendant does not object to use for impeachment purposes.*

17. Affidavit of Michael West

*Defendant objects pursuant to Defendant objects that Witness' testimony must be taken live in open court under Fed. R. Civ. P. 43(a). Defendant does not object to use for impeachment purposes.*

18. Power Point Bulletin explaining procedure and Due Process of Misconduct Hearing

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay. Defendant further objects to foundation.*

19. Power Point Bulletin explaining First AMD Protected Grievance Procedure

*Defendant objects pursuant to Fed R. Evid. 802 as hearsay. Defendant further objects to foundation.*

20. MDOC Policy Directive 03.03.105.RR

*Defendant objects to the extent that Plaintiff is seeking to introduce an incomplete record.*

21. MDOC Administrative Rule 791.3310

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant.*

22. MDOC Policy Directive 03.02.130 K

*Defendant objects to the extent that Plaintiff is seeking to introduce an incomplete record.*

23. Offender Callout Management System Offender Work Schedule History Report

24. Offender Itinerary Work Detail for 9-5-2016

25. Prisoner Account Activity Statement showing purchase of typewriter

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Plaintiff's claims regarding his typewriter were dismissed. Defendant further objects pursuant to Fed R. Evid. 802 as hearsay.*

26. Prisoner receipt showing serial number of typewriter.

*Defendant objects pursuant to Fed. R. Evid. 403 as this is irrelevant. Plaintiff's claims regarding his typewriter were dismissed. Defendant further objects pursuant to Fed R. Evid. 802 as hearsay.*

**b. Defendant's Exhibits:**

   a. September 5, 2016, Misconduct

   b. Hearing Report for September 5, 2016, Misconduct

   c. Unit logs from September 2016

   d. Grievance packet for ARF 1609 2198 17B

     e. Grievance packet for ARF 1609 2095 17I

     f. Grievance packet for ARF 1609 2094 05A

     g. Plaintiff's Callout history September 2016

10. **DAMAGES**:

**Plaintiff's damages:**

    a. Compensatory damages:
       i. Loss of wages:    $170.00
       ii. Filing Fee:    $337.00
       iii. Legal Copies:    $400.00
       iv. Legal Postage:    $250.00
       v. Total:    $1,107.00
    b. Punitive damages:    $72,893.00
    c. Nominal damages:    $1,000.00
       i. Total Damages:    $75,000.00

**Defendant's damages statement:**

Defendant states that Plaintiff is not entitled to any damages. Plaintiff's First Amendment rights were not violated by Defendant.

11. **Trial**:

Jury trial. Plaintiff estimates the trial will last four days. Counsel for Defendant estimates the trial will last one to two days.

12. **Settlement**:

The parties last spoke by telephone on March 17, 2022, regarding settlement.

Plaintiff offered to settle his claim against Defendant and Defendant rejected Plaintiff's offer. Defendant made a counter-settlement offer to Plaintiff, which Plaintiff rejected.

## 13. **Filing of Trial Briefs, Findings, and Instructions:**

Trial briefs and requests for jury instructions must be filed on the first day of trial. Proposed findings of fact and conclusions of law in nonjury cases must be filed before the last day of trial.

## 14. **Juror Costs Attributable to Parties:**

Plaintiff and Defendant acknowledge that the Court may assess juror expenses under LR 38.2.

Dated: 3/17/2022		/s/ Nathaniel Tesley (with permission)
		Nathaniel Tesley #218984
		Plaintiff *in pro per*


Dated: 3/17/2022		/s/ O.G. Reasons
		O.G. Reasons (P80463)
		Assistant Attorney General
		Attorney for Defendant


Dated: June 9, 2022		s/Denise Page Hood
		Hon. Denise Page Hood
		United States District Judge