UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL TESLEY,

     Plaintiffs,                   NO. 2:17-cv-11249

v                               HON. DENISE PAGE HOOD

DAVE MARTIN and A. COOK,     MAG. DAVID R. GRAND

     Defendants.

_____

| | |
|---|---|
| Solomon M. Radner (P73653) | O.G. Reasons (P80463) |
| Martin E. Radner (P79894) | Assistant Attorney General |
| Radner Law Group, PLLC | Michigan Dept. of Atty General |
| Attorneys for Plaintiff | Attorney for MDOC Defendant |
| 17515 W. Nine Mile Rd., Ste. 1175 | Corrections Division |
| Southfield, MI  48033 | P.O. Box 30217 |
| (248) 372-1749 | Lansing, MI  48909 |
| | (517) 335-3055 |

_____/

**DEFENDANT'S TRIAL BRIEF**

## Introduction

     Nathaniel Tesley, a prisoner currently incarcerated in the

Michigan Department of Corrections (MDOC), brings this civil rights

action under 42 U.S.C. § 1983 against Defendant Dave Martin, alleging

Tesley's First Amendment rights were violated.  Dave Martin is a

retired MDOC employee who was a Resident Unit Manager (RUM) at

1

Gus Harrison Correctional Facility (ARF) in Adrian, Michigan, at the relevant time of Tesley's claim in 2016. There is one remaining retaliation claim for trial in this matter.

Tesley was issued an Out-of-Place misconduct in September 2016. (ECF No. 1). Tesley disagreed with the misconduct and filed prison grievances related to the misconduct. (*Id*.). Tesley alleges that Martin, who was the hearing officer for the misconduct, offered to "make a deal" with Tesley related to the misconduct and the grievances. (*Id*.). Tesley claims that he refused to make a deal, and that in retaliation, Martin threatened Tesley and found Tesley guilty of the misconduct. (*Id*.).

**Issues of fact**

Defendants will offer oral and evidentiary testimony that will dispel Plaintiff's claims of retaliation. Defendant Martin will testify that he did not make any of the retaliatory statements or threats claimed by Tesley. Plaintiff Tesley claims that witnesses Wade and West were present when Martin threatened him. Witnesses Wade and West will testify that they recall no such threats. The evidence will further show that Tesley was properly found guilty of the Out-of-Place

misconduct and that his grievances related to the misconduct were frivolous.

**Issues of law**

A plaintiff in a retaliation claim must prove three elements: (1) The plaintiff engaged in protected conduct.  (2) An adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct.  (3) There is a causal connection between elements one and two. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019), the Supreme Court held that the protected conduct must be the "but-for" cause of the adverse action. ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury.  Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.")

If plaintiff proves by a preponderance of evidence that his protected conduct motivated defendant's actions, then defendant bears the burden of establishing, by a preponderance of the evidence, that he

would have taken the same action even if plaintiff had not engaged in the protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) ("If the defendant can show that he would have taken the same action in absence of the protected activity, he is entitled to prevail….").

Plaintiff has a First Amendment right to file grievances against prison officials. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). However, filing frivolous grievances is not a protected right. *Herron v Harrison, 203 F.3d 410, 415 (6th Cir. 2000).* Moreover, "an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory." *Spies v. Voinovich*, 48 Fed. Appx. 520, 525 (6th Cir. 2002).

## CONCLUSION AND RELIEF REQUESTED

The evidence will show that Defendant Martin did not retaliate against Tesley. The guilty misconduct finding against Tesley was the result of his own actions and violations. Defendants will request a verdict in their favor on all claims.

Respectfully submitted,

Dana Nessel
Attorney General

<u>/s/ O.G. Reasons</u>
Assistant Attorney General
O.G. Reasons (P80463)
Attorney for Defendant
Michigan Department of
Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909

Date June 14, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

<u>*/s/O.G. Reasons*</u>
O.G. Reasons (P80463)
Assistant Attorney General
Attorney for Defendant