UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL TESLEY,

     Plaintiffs,               NO. 2:17-cv-11249

v                            HON. DENISE PAGE HOOD

DAVE MARTIN and A. COOK,     MAG. DAVID R. GRAND

     Defendants.

_____

| | |
|---|---|
| Solomon M. Radner (P73653) | O.G. Reasons (P80463) |
| Martin E. Radner (P79894) | Assistant Attorney General |
| Radner Law Group, PLLC | Michigan Dept. of Atty General |
| Attorneys for Plaintiff | Attorney for MDOC Defendant |
| 17515 W. Nine Mile Rd., Ste. 1175 | Corrections Division |
| Southfield, MI   48033 | P.O. Box 30217 |
| (248) 372-1749 | Lansing, MI   48909 |
| | (517) 335-3055 |

_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Plaintiff, through counsel, and Defendant, through counsel, and

pursuant to Fed. R. Civ. P. 51, request the Court to instruct the jury in

accordance with the following proposed jury Instructions and proposed

verdict form:

1

## Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## Jurors' Duties

You have two main duties as jurors.   The first one is to decide what the facts are from the evidence that you have seen and heard in court.   Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has proved his claim by a preponderance of the evidence.   It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.   This includes the instructions that I gave you before and during the trial, and these instructions.   All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.   But if what they say is different from what I say, you must follow what I say.   What I say about the law controls.

3

Perform these duties fairly.   Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the parties agreed to; and any facts that I have judicially noticed.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that were asked.   I also ruled that you could not see some of the exhibits that the parties wanted you to see.   And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record, or I allowed some evidence to be considered by you for a limited purpose.   You must completely ignore all of the things

which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.   Do not speculate about what a witness might have said or what an exhibit might have shown.   Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.   If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.   If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.   If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.   The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other.   You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Credibility of Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.   You might be guided by the appearance and conduct of the witness, or by the manner in which the witness testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand.   Consider each witness's ability to observe the facts as to which he or she has testified and whether he or she impresses you as having accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you

the jury to discredit such testimony. Two or more persons witnesses an incident or a transaction may see or hear it differently, and innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight as you determine it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

## Number of Witnesses and Evidence Presented

The number of witnesses who testified makes no difference.   Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.   What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy.   Concentrate on that, not the numbers.

## All Available Evidence Need Not Be Produced

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Single Witness**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.   You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

## Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial.   Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.   Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.   My rulings were based on the rules of evidence, not on any opinion I might have about the case.   Remember that your decision must be based only on the evidence that you saw and heard here in court.

## Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.   In a moment, I will explain the elements of the plaintiff's claim against the defendant.

But before I do that, I want to emphasize that this trial is only on the particular claim alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claim alleged in this case.

## Preponderance of the Evidence

The burden is on each plaintiff to prove every essential element of a claim by a preponderance of the evidence.   If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.   In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.   If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.   It does not apply in civil cases such as this.

17

## Burden of Proof

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.   The burden of proving a fact is upon the party whose claim or defense depends upon that fact.   The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## Generally – §1983 Action

The federal civil rights act under which Plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.   The Fourteenth Amendment provides that:   No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983, the federal civil rights statute under which Plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution of the United States.

## Specific Elements of Claim

## <u>First Amendment – Retaliation</u>

In order to establish his claim for violation of the First Amendment, Plaintiff must prove his claim that Defendant retaliated against him by a preponderance of the evidence, by satisfying each and every one of the following three elements:

    (1)    That Plaintiff engaged in constitutionally protected conduct;

    (2)    That Defendant took an adverse action against Plaintiff; and

    (3)    That Defendant's adverse action was motivated by Plaintiff's protected conduct.

I will explain each of these elements in more detail.

### Protected Conduct

Plaintiff has a First Amendment right to file grievances against prison officials.   However, that right is protected only if the grievance is not frivolous.[1]

---

1 *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018); *Herron v Harrison, 203 F.3d 410, 415 (6th Cir. 2000)*

### Adverse Action

An adverse action is an act that is capable of deterring a person of ordinary firmness from pursuing his First Amendment rights.

### Motivation

Plaintiff has the burden of establishing by a preponderance of the evidence that there is a "but-for" causal connection between the protected conduct and the adverse action. In other words, the adverse action would not have occurred absent a retaliatory motive from Defendant based on Plaintiff's protected conduct.[2]

### Defendant's Rebuttal

If you find that Plaintiff has proven all three of these elements, Defendant then has the burden of establishing, by a preponderance of the evidence, that he would have taken the same action even if Plaintiff had not engaged in the protected activity.[3]

### Summary

If you find the Plaintiff has proven each of the three elements by a preponderance of the evidence, and that Defendant cannot show that he

---

2 *Nieves v. Bartlett,* 139 S. Ct. 1715, 1722 (2019).
3 *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)

would have taken the same action in the absence of the protected activity, your verdict will be for the Plaintiff, and then you should consider the question of damages.

If you find either that Plaintiff has failed to prove any of three elements, or that Defendant has shown that he would have taken the same action in the absence of the protected activity, your verdict will be for Defendant

## Consider Damages Only If Necessary

If the Plaintiff has proven a claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled.   You should not interpret the fact that I am giving instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case.   It is your task first to decide whether the Defendant is liable.   I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable, and that the Plaintiff is entitled to recover money from the Defendant.

## Damages - Reasonable - Not Speculative

Damages must be reasonable.   If you should find that the Plaintiff is entitled to a verdict, you may award the Plaintiff only such damages as will reasonably compensate the Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of Defendant's acts or omissions.   Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.   On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-- tangible and intangible.   They are an attempt to restore the Plaintiff, that is, to make the Plaintiff whole or as the Plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages.   So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## Nominal Damages

If you find in favor of the Plaintiff, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

## Punitive Damages

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against Defendant, and if you find the conduct of that Defendant was recklessly and callously indifferent to Plaintiff's safety then, in addition to any other damages to which you find the Plaintiff is entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendant or deter Defendant and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

## Introduction

That concludes the part of my instructions explaining the elements of the claim made by Plaintiff and how to calculate damages if you find that damages should be awarded.   Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## Stipulations of Fact

The parties have agreed to certain facts that have been given to

you.   You should therefore treat these facts as having been proved

### Witness Who Has Been Interviewed by an Attorney

It has been brought out that an attorney has talked with witnesses.   There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

## Impeachment - Inconsistent Statement or Prior Conviction

A witness may be discredited or "impeached" by contradictory evidence by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.   The fact of such a conviction does not necessarily destroy the witness' credibility but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

## Introduction

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.   This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.   If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer.   The officer will give the message to me, and I will respond as soon as I can.   I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.   Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence. If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.   Do not ever write down or tell anyone how you stand on your votes.   For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

### Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court.   The instructions I have given you throughout trial also apply to your deliberations.   Do not try to gather any information about the case on your own.   Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations.   Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case, and you are told that you can discuss the case under the conditions that I will describe to you at that time.   It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you

are in the jury room.   For example, do not use email, or a site such as ATwitter@ to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court.   Remember, that both parties are entitled to a fair trial by you, and you must follow the instructions as to the law that I am giving you now and that I gave you throughout the trial.   Make your decision based only on the evidence that you saw and heard here in court.

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.   In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.   Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.   Do not hesitate to change

your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations.   For example, some of you may need to think quietly while others may want to openly discuss their thoughts.   It may take more time for some of you, than for others, to reach a decision.   Be patient and considerate of each other's needs as you deliberate.   Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.   In the end, your vote must be exactly that - your own vote.   It is important for you to reach agreement but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.   So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether Plaintiff's claims were proved by a preponderance of the evidence.

## Notes

During the trial, I permitted you to take notes and I have noticed that several of you have done so.   As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down.   Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented.   Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.   Your notes are not evidence and may not be a complete outline of the proceedings or a list of the highlights of the trial.   Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

## Verdict Form

I have prepared a verdict form for your use.   A verdict form is simply the written notice of your decision.   Whatever decision you reach in this case must be the unanimous decision of all of you.   When all of you agree upon a verdict, it will be received as your verdict.

After both verdict form is completed, your foreperson should give a written note to the bailiff.   That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom.   The parties will then be informed of your verdicts.

### Court Has No Opinion

Let me emphasize something that I said to you earlier.   Nothing that I have said or done during this trial was meant to influence your decision in any way.   You decide for yourselves whether the Plaintiff's claims were proved by a preponderance of the evidence

## <u>PROPOSED JURY VERDICT FORM</u>

We, the jury, unanimously find the following by a preponderance of the evidence:

1. Was Plaintiff's First Amendment right not to be subjected to retaliation violated by Defendant?

YES: _____                    NO: _____

**If you answered "YES" to Part 1, please proceed to Part 2. If you answered "NO" to Part 1, you have reached a verdict and may sign the form.**

2. Please state the amount that will fairly compensate Mr. Maben for any injury he sustained as a result of Defendant's conduct.

$ _____
(FILL IN DOLLAR FIGURE)

**After answering Part 2, proceed to Part 3.**

3. Do you award punitive damages against Defendants?

YES: _____                    NO: _____

$ _____
(FILL IN DOLLAR FIGURE IF YES)

Signed,

_____          _____
Jury Foreperson                          Date

Respectfully submitted,

Dana Nessel
Attorney General

/s/ O.G. Reasons
Assistant Attorney General
O.G. Reasons (P80463)
Attorney for Defendant
Michigan Dept. of Attorney
General
Corrections Division
P.O. Box 30217
Lansing, MI 48909

Date:   June 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/O.G. Reasons
O.G. Reasons (P80463)
Assistant Attorney General
Attorney for Defendant